

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------------X

DOMINIQUE CARTER,

**18   3456**

Civil Action No.

Plaintiff,

-against-

**COMPLAINT**

SECTEK, INC., RENEE LAZO, *Individually*,
DANIEL MONTES *Individually,* and
LEROY FOSTER, *Individually*.

Plaintiff Demands A
Trial by Jury

**FILED**

**AUG 1 5 2018**

**KATE BARKMAN**, Clerk
**By** _____ Dep. Clerk

Defendants.

---------------------------------------------------------------------------X

Plaintiff, DOMINIQUE CARTER, as and for her Complaint against SECKTEK, INC., *et*

*al.* respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

    U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

    1991, Pub. L. No. 102-166 ("Title VII")), the American with Disabilities Act of 1990, 42

    U.S.C. § 12101 *et. seq* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43

    P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100

    *et. seq.* ("PFPO"), and seeks damages to redress the injuries Plaintiff has suffered as a

    result of being discriminated against, retaliated against, and constructively discharged by

    her employer due to her pregnancy, sex, and disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a ederal question under Title VII and the ADA. The Court also has supplemental jurisdiction over Plaintiff's claims under the PHRA and PFPO.

3. Venue is proper in this district based upon the fact that the events took place in Philadelphia, PA within the Eastern District of Pennsylvania.

4. On or about January 30, 2018, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about June 11, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. Plaintiff DOMINIQUE CARTER (hereinafter also referred to as Plaintiff and/or "CARTER") is an individual female who is a citizen of the Commonwealth of Pennsylvania.

8. At all times material, Defendant SECTEK, INC. (hereinafter also referred to as Defendant and/or "SECTEK") is a foreign (DELAWARE) business corporation authorized to do business in the Commonwealth of Pennsylvania, and it has its principal place of business located at 1930 Isaac Newton Square, Suite 100, Reston, VA 20190.

9. At all times material, Plaintiff CARTER was an employee of Defendant SECTEK.

10. At all times material, Plaintiff CARTER worked at Defendant SECTEK's Pennsylvania location at N. 6th and Market Streets, Philadelphia, PA 19106.

11. At all times material, Defendant RENEE LAZO (hereinafter also referred to as "LAZO") was employed as Lieutenant for Defendant SECKTEK.

12. At all times material, Defendant LAZO held supervisory authority over Plaintiff.

13. At all times material, Defendant DANIEL MONTES (hereinafter also referred to as "MONTES") was employed as Lieutenant for Defendant SECTEK.

14. At all times material, Defendant MONTES held supervisory authority over Plaintiff.

15. At all times material, Defendant LEROY FOSTER (hereinafter also referred to as "FOSTER") was employed as Project Manager for Defendant SECTEK.

16. At all times material, Defendant FOSTER had supervisory authority over Plaintiff.

## MATERIAL FACTS

17. On or around October 1, 2016, Plaintiff CARTER, began working for Defendants as a Security Officer for Defendant SECTEK.

18. Defendant SECTEK provides security services at Independence Hall and the Liberty Bell and related historical buildings in Philadelphia, PA pursuant to a contract with the U.S. Park Service.

19. In or around March 30, 2017, Plaintiff CARTER notified Defendant LAZO that she was pregnant and provided Defendants with paperwork relating to her first doctor appointment.

20. Plaintiff also specifically informed Defendant LAZO that she wanted her pregnancy to remain confidential, particularly since she was early in her pregnancy.

21. Defendant LAZO, however, informed other security officers of her pregnancy, and other security officers asked Plaintiff if she was pregnant.  Plaintiff informed her supervisors,

including Defendant LAZO, that she objected to the disclosure of her pregnancy to her co-workers.

22. In April 2017, Plaintiff began experiencing sickness due to her pregnancy at work. Plaintiff's OB/GYN doctor expressed to her that if she experienced sickness and/or pains at work to go home and to relax.

23. In or around the same time in April 2017, Plaintiff continued to feel sickness at work and she, as well as her co-workers, informed her supervisor of her pregnancy related sickness, including severe cramping.

24. Defendant Lieutenant Montes, however, refused to allow Plaintiff to take a break or allow her to go home per her doctor's orders. Rather, Defendant Lt. Montes states that he could only excuse her if Plaintiff went to the Emergency Room. Accordingly, Plaintiff was forced to stay at work and endure her sickness and severe pain from her cramping.

25. Defendants, however, allowed other male officers to go home when they were feeling sick and treated Plaintiff differently.

26. Plaintiff objected to Defendant LAZO and Defendant MONTES, that she was being treated differently.

27. In response, Defendant LAZO stated that Defendants did not have to provide Plaintiff with any reasonable accommodations, and that he could consider Plaintiff to be "unfit for duty."

28. Defendant LAZO added, "I have had other workers that were pregnancy before and I don't understand why you are complaining....You're not the first one to get pregnant in this job."

29. Among the reasonable accommodations Plaintiff requested were periodic bathroom breaks.

30. Defendants, however, objected to the bathroom breaks and specifically stated that "being pregnant didn't matter."

31. In addition to complaining to her supervisors, Defendants LAZO and MONTES, Plaintiff complained to Defendant FOSTER, the Project Manager at her site.  FOSTER stated to Plaintiff, "Young lady don't make this an issue."

32. In June 2017, Defendant LAZO complained about the black pregnancy pants Plaintiff was wearing because he could see the shape of her body.  Defendant LAZO required Plaintiff to continue to wear her uniform pants notwithstanding that they did not fit due to her pregnancy.

33. Also in June 2017, Defendant FOSTER stated that if Plaintiff was not showing her pregnancy more by 8 months, he would consider Plaintiff to be engaging in fraudulent behavior and submitting false medical records.

34. In fact, in July and August 2017, rumors began to swirl in the workplace that Plaintiff was not in fact pregnant and that she was faking her pregnancy.

35. Further, in June-August 2017, Plaintiff was required to stand long periods of time without breaks or bathroom breaks, all of which were against her OB/GYN doctor's notes and instructions.

36. In August 2017, Defendant FOSTER asked Plaintiff to lift up her shirt so that he could see how tight her pants were around her body.  He further asked Plaintiff to turn around so that he could see her entire body.  Defendants LAZO and Captain Dale were in the

room and observed Defendant FOSTER'S instructions to turn Plaintiff around to view her body.

37. Defendant LAZO also refused to allow Plaintiff certain days off so that she could see her doctor.

38. Because of Plaintiff's pregnancy, in response to her request for a reasonable accommodation to use the restroom, and in retaliation for Plaintiff's protests against the discrimination, Defendants caused Plaintiff extreme stress and high blood pressure.

39. Plaintiff was required to take short term disability leave on August 18, 2017 due to the stress and high blood pressure caused by Defendants.

40. In fact, Plaintiff suffered from preeclampsia during her pregnancy due to the stress and high blood pressure.

41. Plaintiff delivered her baby full term on November 15, 2017. Because of the complications during her pregnancy, Plaintiff was forced to deliver her baby by "C" section, although she was planned to deliver naturally.

42. Further, Plaintiff's baby was extremely underweight and was born 4 pounds and 13 ounces due to the complications. As a result, Plaintiff had to remain in the hospital for five days to ensure that she did not suffer from seizures.

43. On or around January 22, 2018, Defendants constructively discharged Plaintiff. Defendants made conditions so unbearable for Plaintiff that no woman in Plaintiff's position would have been expected to continue working under such conditions.

44. Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally distressed on continual basis and as a result of the aforementioned conduct and comments by Defendants.

45. Based on Defendants' discriminatory and retaliatory treatment of Plaintiff, it is clear that Defendants discriminated against Plaintiff CARTER solely due to her sex, pregnancy and disability and retaliation against Plaintiff for her protected complaints.

46. As a result of the Defendants' discriminatory treatment of Plaintiff CARTER, she has suffered severe emotional distress and physical ailments.

47. As a result of the acts and conduct complained of herein, Plaintiff CARTER has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff CARTER has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff CARTER further experienced severe emotional and physical distress.

48. As a result of the above, Plaintiff CARTER has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

49. Defendants' conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff CARTER demands Punitive Damages as against all Defendants, jointly and severally.

50. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her pregnancy and sex.

54. Furthermore, section 701 of the Civil Rights Act of 1964 as amended states that "'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any
practice made an unlawful employment practice by this subchapter, or because [s]he has
made a charge, testified, assisted or participated in any manner in an investigation,
proceeding, or hearing under this subchapter."

57. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et*

*seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of

employment because of her opposition to the unlawful employment practices of

Defendant.


### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendants)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

59. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L.

101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States

Code, beginning at section 12101.

60. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I,

Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity

shall discriminate against a qualified individual on the basis of disability in regard to job

application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability (pregnancy).

62. As such, Plaintiff has been damaged as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

65. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, disability and pregnancy.

66. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

69. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.


## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

72. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS AN SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

75. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's sex, including her pregnancy and related medical conditions.

76. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs
of Philadelphia Fair Practices Ordinance Chapter 9-1100.

## AS AN EIGHTH CAUSE OF ACTION FOR
## DISCRIMINATION UNDER THE PHILADELPHIA
## CITY ADMINISTRATIVE ORDINANCE

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of  .
this complaint.

78. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be
unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or
otherwise penalize, retaliate or discriminate in any manner against any person because he,
she or it has complied with the provisions of this Chapter, exercised his, her or its rights
under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or
assisted in any manner in any investigation, proceeding or hearing hereunder"

79. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia
Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of
Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A NINTH CAUSE OF ACTION FOR
## DISCRIMINATION UNDER THE PHILADELPHIA
## CITY ADMINISTRATIVE ORDINANCE

80. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of
this complaint.

81. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

82. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in

an amount to be determined at the time of trial plus interest, including but not limited to all

emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory

damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the

Court deems just and proper.


Dated:  August 15, 2018


DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiff

By:
Christopher R. Booth, Jr., Esq. OF COUNSEL
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

2 18 - 3456

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DOMINIQUE CARTER | SECTEK, INC., RENEE LAZO, Individually, DANIEL MONTES, Individually, and LEROY FOSTER, Individually |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Fairfax
*(IN U S PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name Address and Telephone Number)*
Christopher R. Booth, Esq. Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1601, Philadelphia PA  19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

◻ 1  U S Government Plaintiff

☒ 3  Federal Question *(U S Government Not a Party)*

◻ 2  U S Government Defendant

◻ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane    ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product    Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | Liability    ◻ 367 Health Care/ | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel &    Pharmaceutical | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| & Enforcement of Judgment | Slander    Personal Injury | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers'    Product Liability | | ◻ 835 Patent - Abbreviated | ◻ 460 Deportation |
| ◻ 152 Recovery of Defaulted | Liability    ◻ 368 Asbestos Personal | | New Drug Application | ◻ 470 Racketeer Influenced and |
| Student Loans | ◻ 340 Marine    Injury Product | | ◻ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ◻ 345 Marine Product    Liability | | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| ◻ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | **LABOR** | ◻ 861 HIA (1395ff) | ◻ 490 Cable/Sat TV |
| of Veteran's Benefits | ◻ 350 Motor Vehicle    ◻ 370 Other Fraud | ◻ 710 Fair Labor Standards | ◻ 862 Black Lung (923) | ◻ 850 Securities/Commodities/ |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle    ◻ 371 Truth in Lending | Act | ◻ 863 DIWC/DIWW (405(g)) | Exchange |
| ◻ 190 Other Contract | Product Liability    ◻ 380 Other Personal | ◻ 720 Labor/Management | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal    Property Damage | Relations | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| ◻ 196 Franchise | Injury    ◻ 385 Property Damage | ◻ 740 Railway Labor Act | | ◻ 893 Environmental Matters |
| | ◻ 362 Personal Injury -    Product Liability | ◻ 751 Family and Medical | | ◻ 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ◻ 896 Arbitration |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights   **Habeas Corpus:** | ◻ 791 Employee Retirement | ◻ 870 Taxes (U S Plaintiff | ◻ 899 Administrative Procedure |
| ◻ 220 Foreclosure | ◻ 441 Voting    ◻ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment    ◻ 510 Motions to Vacate | | ◻ 871 IRS –Third Party | Agency Decision |
| ◻ 240 Torts to Land | ☒ 443 Housing/    Sentence | | 26 USC 7609 | ◻ 950 Constitutionality of |
| ◻ 245 Tort Product Liability | Accommodations    ◻ 530 General | | | State Statutes |
| ◻ 290 All Other Real Property | ☒ 445 Amer w/Disabilities -    ◻ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 446 Amer w/Disabilities -    ◻ 540 Mandamus & Other | ◻ 465 Other Immigration | | |
| | Other    ◻ 550 Civil Rights | Actions | | |
| | ◻ 448 Education    ◻ 555 Prison Condition | | | |
| |    ◻ 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

◻ 2  Removed from State Court

◻ 3  Remanded from Appellate Court

◻ 4  Reinstated or Reopened

◻ 5  Transferred from Another District *(specify)*

◻ 6  Multidistrict Litigation - Transfer

◻ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Title VII, 42 U.S.C. Sections 2000e- 2000e-17; 42 U.S.C. Section 12101 et seq

Brief description of cause
Sex, Gender and Pregnancy Discrimination, Retaliation and Wrongful Termination

**VII. REQUESTED IN COMPLAINT:**

◻ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ◻ Yes   ◻ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*
JUDGE               DOCKET NUMBER

DATE   8/15/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

AUG 15 2018

GAM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 317 E. Lehigh Avenue, 2nd Floor Philadelphia, PA 19125

Address of Defendant: 1930 Isaac Newton Square Suite 100 Reston, VA 20190

Place of Accident, Incident or Transaction: Philadelphia, PA

18 — 3456

---

**RELATED CASE, IF ANY:**

Case Number: _ _ _ _ _ _ _ _ _ _        Judge: _ _ _ _ _ _ _ _ _        Date Terminated: _ _ _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 8·15·18    Christopher R. Booth, Jr    59395
        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1 Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3 Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5 Patent
- ☐ 6 Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11 All other Federal Question Cases
  *(Please specify)* _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* _____
- ☐ 7 Products Liability
- ☐ 8 Products Liability – Asbestos
- ☐ 9 All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher R. Booth, Jr., Esq. , counsel of record *or* pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE 8/15/18    _____    59395
        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

AUG 15 2018



GAM

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DOMINIQUE CARTER      :     CIVIL ACTION
            :
    v.        :  **18**  **3456**
SECKTEK, INC., RENEE LAZO, Individually, :
DANIEL MONTES, Individually, and LEROY :    NO.
FOSTER, Individually

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration   Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

8/15/18                Plaintiff
**Date**        **Attorney-at-law**    **Attorney for**

215-391-4790     215-893-5288  christopher@dericksmithlaw.com
**Telephone**      **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

AUG 15 2018

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.